UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Zimmerman v. C.R. Bard, Inc., et al.*
Case No. 2:20-cv-4377

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand Action to State Court (ECF No. 9).[1] Plaintiff contends that the Court of Common Pleas of Erie County, Pennsylvania, the original venue of this action, is appropriate. (*Id.*) Plaintiff also seeks costs and attorney's fees incurred as a result of the removal. (*Id.* at PageID #134.) Plaintiff brings products liability claims for an allegedly defective hernia mesh against Defendants C.R. Bard, Inc., Becton Dickinson and Company, and Davol, Inc. (collectively "Hernia Mesh Defendants"), and asserts various tort claims against Medical Associates of Erie, Jay J. Kiessling, M.D., and Rodolfo Arreola, M.D. ("Healthcare Defendants"). (ECF No. 1-1.) According to Hernia Mesh Defendants' Response to Plaintiff's Motion, Plaintiff fraudulently joined Healthcare Defendants to defeat diversity and the case was therefore properly removed to federal court. (ECF No. 11.) To prove fraudulent joinder that was intended to defeat removal, Hernia Mesh Defendants must "present sufficient evidence

---

[1] Plaintiff filed this Motion as a Motion for Remand. However, "[t]he ultimate authority for remanding an action transferred for multidistrict litigation lies with the [JPML] itself." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 04 Civ. 4968 (VSB), 2017 WL 5468758, at *2 (S.D.N.Y. Nov. 13, 2017); *see also* 28 U.S.C. § 1407(a). The Court will therefore treat the Motion as a Motion for Suggestion of Remand pursuant to JPML Rule 10.1(b)(i).

that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (internal citation omitted).

Hernia Mesh Defendants argue that Plaintiff's claims against them "relate to the manufacture, design, warnings, and marketing of the Ventrio [hernia mesh device]—pre-implant events," whereas his claims against Healthcare Defendants "implicate different legal theories, facts, and evidence, related to medical care and treatment, the majority of which occurred after Plaintiff's implant." (ECF No. 11 at PageID #189.) Hernia Mesh Defendants ask that the Court deny Plaintiff's motion, or in the alternative, "sever Plaintiff's claims against the Healthcare Defendants pursuant to Federal Rule of Civil Procedure Rule 21, to allow Plaintiff's product liability claims against Bard to proceed in the MDL." (*Id.*) Hernia Mesh Defendants also ask that the Court deny Plaintiff's request for costs and attorney's fees. (*Id.*) Healthcare Defendants did not file a response to the Motion.

However, "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The Supreme Court has recognized that Rule 21 authorizes courts 'to allow a dispensable nondiverse party to be dropped at any time' in the litigation," and this power exists even in the absence of fraudulent joinder. *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, 889 F. Supp. 2d 931, 944 (E.D. Ky. 2012) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989)). Plaintiff argues that his claims against Healthcare Defendants are "inextricably connected" to the allegedly defective hernia mesh device because Dr. Kiessling was negligent in improperly implanting and failing to remove the device, Dr. Arreola was negligent in failing to provide

2

adequate post-operative care, and Medical Associates of Erie was negligent in failing to have qualified medical staff to treat Plaintiff. (ECF No. 9 at PageID #131.) Per the Transfer Order of the JPML (18-md-2846, ECF No. 1), all centralized cases "share common factual questions arising out of allegations that defects in defendants [C.R. Bard, Inc.'s, and Davol, Inc.'s] polypropylene hernia mesh products can lead to complications when implanted in patients." Plaintiff's claims against Healthcare Defendants fall outside this purview. Plaintiff's claims against Healthcare Defendants are corporate and professional negligence, which would require evidence on the care, treatment, and services provided, whereas the claims against Hernia Mesh Defendants would require "evidence on the development, manufacture, and testing of" the hernia mesh device along with evidence of Hernia Mesh Defendants' "knowledge, warnings, and representations" regarding the device. *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, No. CIV 07-1487 DWF/AJB, 2007 WL 2572048, at *2 (D. Minn. Aug. 30, 2007).

In other cases with similar facts, courts have found that healthcare defendants are not necessary or indispensable parties in a products liability claim against a medical device or pharmaceutical manufacturer. Plaintiff's claims against Healthcare Defendants are "highly distinct from the various claims brought against [Hernia Mesh Defendants] for products liability. Not only are [they] comprised of unique legal elements, [they are] based on completely different factual allegations. Just as [Hernia Mesh Defendants were not] involved with [Plaintiff's] surgery, [Healthcare Defendants] had nothing to do with the design, manufacture or sale of a single [hernia] mesh implant." *Mayfield v. London Women's Care, PLLC*, No. CIV.A. 15-19-DLB, 2015 WL 3440492, at *4 (E.D. Ky. May 28, 2015). Additionally, as the court in *Mayfield* noted, there are benefits to a plaintiff in keeping claims against manufacturer defendants in an MDL:

> Moreover, if the surviving federal claims are transferred to the Ethicon MDL, the prospect of dual litigation has undeniable upside. The cost and burden of litigating

3

>against Ethicon would drop considerably, and Plaintiffs' ability to potentially negotiate a settlement would be greatly enhanced. Also, they could proceed with discovery of the medical malpractice claim immediately, and do so more efficiently, as other attorneys will take the lead in the Ethicon MDL. Therefore, even if Healthcare Defendants were found to be necessary parties, the Court would not have deemed them indispensable to this case.

*Id.* at *5. Another court used the same reasoning in *Sullivan v. Calvert Memorial Hospital*:

>Severance is particularly appropriate in this case because it would allow for the transfer of Sullivan's claims against the Ethicon Defendants to Multi-District Litigation (MDL) currently pending before Judge Joseph R. Goodwin in the U.S. District Court for the Southern District of West Virginia, where over 25,000 products liability cases based on the TVT are being litigated. Whatever inconvenience Sullivan might suffer from her having to litigate her claims in two separate forums, that inconvenience is far exceeded by the prejudice of requiring the manufacturer of a TVT to defend on "many more than just two fronts." *See Joseph,* 614 F.Supp.2d at 873. Forcing the Ethicon Defendants to litigate TVT claims in state courts throughout the country whenever and wherever the claims might be joined to claims against healthcare providers that installed the device would defeat the entire purpose of the MDL.

*Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015); *see also Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009), *as amended* (May 27, 2009) (finding healthcare defendants were not necessary parties because a resolution of the claims against them would not necessarily resolve the plaintiffs' claims against the manufacturer defendant). This Court agrees with this reasoning. Healthcare Defendants are not necessary parties and severance is appropriate. Because the Court has concluded that Healthcare Defendants should be severed pursuant to Rule 21, the Court need not address the doctrine of fraudulent misjoinder. *See Mayfield*, 2015 WL 3440492 at *6.

"The ultimate authority for remanding an action transferred for multidistrict litigation lies with the [JPML] itself." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 04 Civ. 4968 (VSB), 2017 WL 5468758, at *2 (S.D.N.Y. Nov. 13, 2017); *see also* 28 U.S.C. § 1407(a). JPML Rule 10.1(b)(i) permits a transferee district court in a multidistrict litigation to make a suggestion

4

of remand to the JPML.  For the foregoing reasons, Plaintiff's Motion (ECF No. 9) is **GRANTED IN PART** and **DENIED IN PART.**  It is hereby **ORDERED** that the Court **SUGGESTS** to the JPML that all claims against the Healthcare Defendants be remanded to the transferor court.  Plaintiff's request for costs and attorney's fees is denied.  The Court will retain jurisdiction over all remaining claims.  Plaintiff's initial Motion to Remand (ECF No. 4) is **DENIED AS MOOT**.

      **IT IS SO ORDERED.**


**5/1/2023**                                            s/Edmund A. Sargus, Jr._____
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                      **UNITED STATES DISTRICT JUDGE**